HALL, Judge.
Appellee, Red Door Motors, Inc., filed a complaint seeking to quiet title to a 1983 Ford Bronco. Red Door contended that it had acquired right, title, and interest superior to those of appellant, Pacific American Insurance Company, when it traded .two used cars for the Bronco. Pacific filed an answer denying the allegations in the complaint. Thereafter, Pacific filed a motion for leave to file a counterclaim against Red Door for conversion and civil theft. The trial court granted the motion and bifurcated the proceedings on the counterclaim. The quiet title action then proceeded to final hearing. The trial court entered a final judgment finding that Pacific had superior legal rights to the vehicle, but because Pacific had not sought quiet title relief in its pleadings, the court vested title to the vehicle in Red Door.
Pacific contends that its answer and defenses denied Red Door’s allegation that it had superior title to the Ford Bronco and that it was not necessary for Pacific to seek quiet title relief in its answer. Pacific further contends that the trial court erred in vesting title to the vehicle in Red Door when it found that Pacific had superior legal rights to the vehicle. We agree.
The trial judge found from the evidence presented at the final hearing that Pacific had superior title to the vehicle; yet he ordered title vest in Red Door, thereby rendering the judgment inconsistent with his findings of fact. The failure of Pacific to request quiet title relief does not justify a judgment vesting title in Red Door when Red Door failed to prove that its title to the vehicle is superior to that of Pacific.
A denial in an answer is sufficient to dispute the validity of a quiet title claim, and when a plaintiff fails to prove his superior right and title to the vehicle, the trial court cannot grant the relief requested in the complaint. Under these circumstances the court has no alternative but to deny relief and direct that the parties go hence without day.
*723 We note that the counterclaim filed in this case has been bifurcated and is pending. We do not reach any issues as to the timeliness of the counterclaim.
Reversed and remanded with directions consistent with this opinion.
DANAHY, C.J., and SANDERLIN, J., concur.